Disney, /., dissenting: It seems to me that the majority opinion rests upon the idea that the original stockholders had not attempted to sell the property. But be that as it may, Samuel Biern, Jr., had a contract with West Virginia for sale of the properties to it from and after December 23. By virtue of his option he took conveyance of the stock on December 29. He was then elected secretary, the assets were distributed to him in liquidation, and on the same day he sold to the State of West Virginia. An officer or a director of a corporation occupies a fiduciary or quasi-fiduciary relationship to it. 19 C. J. S. pp. 103-107. Under that relationship an officer can not assume positions in conflict with the interests of the corporation. Burnes National Bank v. Mueller-Keller Candy Co., 86 Fed. (2d) 252. Moreover, it seems to me that as the sole owner of the stock Samuel Biern, Jr., was, in effect, a director and thus occupied a fiduciary relationship not only as an officer, but as a director, with relation to the corporation. He could make no profit from dealings with corporate property. The meaning of this fiduciary relationship need not be more particularly examined. In my view such officer acted for and on behalf of his corporation in carrying out the contract and making the sale. If we view the matter from the standpoint of the syndicate, not only did they act through Samuel Biern, Jr., who held the stock, but Samuel Biern, Sr., who appears to have been the moving spirit of the matter, was a director in the corpora-. tion. Yet he arranged for the sale. I would hold that this one man corporation made the sale. I therefore dissent.